IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Toaby Alexander Trapp, | ) | Civil Case No. 5:25-211-JD-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Early-Perry C.I., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report" or "R&R") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) of the District of South Carolina (DE 44), concerning Respondent's Motion for Summary Judgment (DE 26) in this action. Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief pursuant to 28 U.S.C. § 2254, challenging his South Carolina conviction for trafficking crack cocaine.[1] (DE 1.) In the Report, the Magistrate Judge recommends that Respondent's motion be granted and that the Petition be denied because Petitioner has failed to demonstrate that the state courts' adjudication of his claims was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. (DE 44.)

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I.    BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

### A.    Factual Background

Petitioner's conviction arises from a 2011 investigation at his residence in Newberry County, South Carolina. After Petitioner reported that his home had been burglarized, responding officers observed suspected crack cocaine in plain view in a bedroom. Law enforcement subsequently obtained and executed a search warrant for the residence and seized narcotics and related items. Petitioner was later indicted for trafficking crack cocaine.

Petitioner proceeded to a jury trial on October 30–31, 2014, in the Newberry County Court of General Sessions. The jury found Petitioner guilty as indicted, and the trial court sentenced him to twenty-five years' imprisonment. Petitioner timely appealed, and the South Carolina Court of Appeals affirmed his conviction and sentence. The remittitur was issued on February 2, 2018.

Petitioner thereafter filed an application for post-conviction relief ("PCR"), asserting claims of ineffective assistance of counsel. Following an evidentiary hearing at which Petitioner and trial counsel testified, the PCR court denied and dismissed the application with prejudice by written order filed February 18, 2022. Petitioner appealed, and the South Carolina appellate courts denied certiorari, issuing the remittitur on December 9, 2024.

### B.    Procedural Posture

Petitioner filed the present Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 13, 2025. (DE 1.) The Court authorized service, and Respondent filed a Return and Memorandum along with a Motion for Summary Judgment on May 7, 2025. (DE 8; DE 25; DE 26.) Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately. (DE 27.) After receiving extensions of time, Petitioner filed a response in opposition to the motion. (DE 31; DE 36; DE 39; DE 41.)

## II.    REPORT AND RECOMMENDATION

On January 7, 2026, the Magistrate Judge issued the Report recommending that Respondent's Motion for Summary Judgment be granted and the Petition be denied. (DE 44.) The Report first addresses Petitioner's claims alleging trial court error. Specifically, the Magistrate Judge considered Petitioner's challenges to the admission of drug evidence based on the chain of custody, the admission of testimonial evidence allegedly violating the Confrontation Clause, the validity of the search warrant and denial of a *Franks v. Delaware* hearing, and the admission of Petitioner's statements to law enforcement (Grounds One through Four). (DE 44 at 16–31.) Applying the deferential standard required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Magistrate Judge concluded that the South Carolina Court of Appeals' resolution of these claims was neither contrary to nor an unreasonable application of clearly established federal law and was not based

3

on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. (*Id.*)

The Report next addresses Petitioner's ineffective assistance of counsel claims (Grounds Five and Six). Applying the deferential standards of *Strickland v. Washington*, 466 U.S. 668 (1984), together with the additional layer of deference required under 28 U.S.C. § 2254(d), the Magistrate Judge determined that the PCR court reasonably concluded that trial counsel's performance was not constitutionally deficient and that Petitioner failed to demonstrate prejudice resulting from counsel's alleged errors. (DE 44 at 32–35.)

The Magistrate Judge further determined that certain claims asserted by Petitioner are procedurally barred because they were not properly presented in the state courts and that Petitioner failed to demonstrate cause and prejudice or a fundamental miscarriage of justice sufficient to excuse the procedural default. (DE 44 at 14–15.)

Accordingly, the Magistrate Judge recommends that Respondent's Motion for Summary Judgment be granted and that the Petition be dismissed with prejudice. (DE 44.)

### III.    LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir.

1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.    OBJECTIONS

Petitioner filed timely objections to the Report. (DE 47.) The Court has conducted a de novo review of those portions of the Report to which Petitioner makes specific objections. To the extent Petitioner merely restates arguments raised in his Petition or response in opposition to summary judgment, such objections do not warrant de novo review and are reviewed only for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As an initial matter, Petitioner purports to "incorporate[] by reference any and all points raised in his Response and Memorandum [o]f law in Opposition to Motion for Summary [judgment]." (DE 47 at 1.) Such a general incorporation is not a specific objection requiring de novo review. *See id.* Nevertheless, because Petitioner proceeds *pro se*, the Court has reviewed the objections liberally and addresses them below.

## A.      Objection No. 1 — Chain of Custody and Confrontation Clause

Petitioner first objects to the Magistrate Judge's conclusion that the South Carolina Court of Appeals did not err in affirming the admission of the drug evidence and related testimony. (DE 47 at 1–2.) In Objection No. 1A, Petitioner specifically challenges the reliance on Deputy Epps's testimony concerning his observation of crack cocaine and a pill bottle, notwithstanding the absence of that observation from his police report. (*Id.* at 2.) In Objection No. 1B, Petitioner further argues that the admission of the Form B and related SLED documentation violated his rights under the Confrontation Clause because Investigator Bouknight did not testify and thus could not be cross-examined. (*Id.*)

These objections are overruled. The Report thoroughly addressed Grounds One and Two and explained that the South Carolina Court of Appeals reviewed the testimony concerning the acquisition, storage, transfer, and testing of the narcotics evidence and concluded that the State sufficiently established the chain of custody. (DE 44 at 16–24.) As the Report explained, although Investigator Bouknight did not testify because he was deceased, the State presented testimony from Captain Dennis, who was present at the scene and observed the items seized, and forensic chemist Lynn Black, who received and tested the evidence at SLED. (*Id.* at 22–24.) The Report further noted that the Court of Appeals determined the challenged forms and related testimony were not testimonial for Confrontation Clause purposes and, therefore, did not implicate *Crawford. See Crawford v. Washington*, 541 U.S. 36, 68 (2004); *see also* (*Id.* at 18–24.)

6

Petitioner's disagreement with the state court's treatment of Deputy Epps's testimony and the Form B does not establish that the state court's adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, nor does it establish that the adjudication rested on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). The Magistrate Judge correctly concluded that Petitioner failed to satisfy that demanding standard. Accordingly, Objection No. 1, including Objections Nos. 1A and 1B are overruled.[2]

**B.    Objection No. 2 — Search Warrant and Request for a *Franks* Hearing**

Petitioner next objects to the Magistrate Judge's conclusion that the South Carolina Court of Appeals did not err in affirming the trial court's refusal to grant a *Franks v. Delaware* hearing and suppress evidence obtained pursuant to the search warrant. (DE 47 at 2.) In Objection No. 2A, Petitioner reiterates that the warrant was defective and that the admission of evidence obtained pursuant to it violated the Confrontation Clause and hearsay principles. (*Id.*)

These objections are overruled. The Report addressed Ground Three in detail and explained that the Court of Appeals considered Petitioner's challenge to the

---

[2]    The Court has also considered Petitioner's reliance on *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), but finds it inapposite. In *Melendez-Diaz*, the Supreme Court held that sworn certificates of forensic analysis, offered in lieu of live testimony, are testimonial statements subject to the Confrontation Clause. *Id.* at 310–11. Here, however, the State did not rely solely on ex parte affidavits to establish the nature of the seized substances. Rather, the prosecution presented live testimony from witnesses involved in the seizure and forensic testing of the evidence, who were subject to cross-examination. Moreover, as the Report explains, the state court determined that the challenged documents were not testimonial in nature. Accordingly, *Melendez-Diaz* does not demonstrate that the state court's adjudication was contrary to or an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d).

validity of the warrant, including his argument regarding the photographs of the bedroom and pill bottle, and concluded that the trial court did not err in denying a *Franks* hearing. (DE 44 at 24–27.) As the Report noted, the Court of Appeals found no conclusive testimony establishing the timing of the photographs, gave weight to the officers' testimony that they observed the pill bottle, and further concluded that even assuming the challenged statement in the affidavit was false, officers were lawfully present in the residence and had probable cause based on Petitioner's consent to enter and investigate the reported burglary. (*Id.* at 26–27.) The Report reasonably concluded that Petitioner failed to show that this adjudication was contrary to, or an unreasonable application of, clearly established federal law or that it was based on an unreasonable factual determination. (*Id.* at 27.)

To the extent Petitioner again invokes confrontation and hearsay principles in connection with the warrant, those arguments were also addressed in the Report's discussion of Grounds One through Three. (*Id.* at 18–27.) Petitioner's objections identify no basis to disturb the Magistrate Judge's analysis. Objection No. 2, including Objection No. 2A, is, therefore, overruled.

### C.    Objection No. 3 — Admission of Petitioner's Statements

Petitioner next objects to the admission of his alleged confession, asserting there was no signed waiver form, no videotaped confession, and no witness to the statement, and arguing that the state courts misapplied *Jackson v. Denno* and *Miranda v. Arizona.* (DE 47 at 2–3.)

This objection is overruled. The Report addressed Ground Four and concluded that the state courts' rejection of Petitioner's challenge to the admission of his statements was neither contrary to nor an unreasonable application of clearly established federal law. (DE 44 at 27–31.) In particular, the Report discussed the pretrial suppression hearing, including testimony regarding the officers' arrival at Petitioner's residence, the administration of *Miranda* warnings, and the circumstances surrounding Petitioner's statement, and concluded that this record supported the Court of Appeals' determination that the trial court did not abuse its discretion in admitting the statement. (*Id.* at 30–31.)

Petitioner's current objection largely repeats the arguments he previously raised and does not identify any clearly established Supreme Court precedent that the state court unreasonably applied. Nor does the absence of a signed waiver form, a recording, or additional witnesses, standing alone, establish that the state court's ruling was objectively unreasonable under § 2254(d). The Court agrees with the reasoning of the Report and overrules Objection No. 3.

## D.    Objection No. 4 — Ineffective Assistance: Failure to Investigate and Prepare

Petitioner next objects to the Magistrate Judge's conclusion that his ineffective assistance claim based on counsel's alleged failure to investigate and prepare for trial was conclusory and failed to establish prejudice. (DE 47 at 3.) Petitioner argues that counsel testified he did not conduct an adequate investigation, received some discovery shortly before trial, had insufficient time to prepare, and did not know Investigator Spreng would not testify. (*Id.*)

9

This objection is overruled. The Report addressed this claim in its analysis of Ground Five and applied the doubly deferential standards required by *Strickland* and § 2254(d). (DE 44 at 33–35.) As the Report explained, although Petitioner criticized counsel's investigation and preparation, he failed to proffer evidence showing what additional investigation should have been undertaken and what favorable testimony or evidence such investigation would have produced at trial. (*Id.*) The Report correctly concluded that this failure was fatal to the prejudice prong under *Strickland*. (*Id.*)

Petitioner's objection again points to alleged shortcomings in trial preparation, but it does not demonstrate that the PCR court unreasonably applied *Strickland* or made an unreasonable determination of fact. Accordingly, Objection No. 4 is overruled.

**E.    Objection No. 5 / Objection No. 6 — Right to Testify**

Petitioner next objects to the Magistrate Judge's rejection of his claim that counsel failed to ensure Petitioner knowingly and voluntarily waived his right to testify. (DE 47 at 3–5.) He argues that the right to testify is personal, that no valid waiver occurred, and that the trial court did not conduct a colloquy. (*Id.*)

This objection is overruled. The Report addressed this issue in Ground Six and explained that the PCR court considered testimony from both Petitioner and trial counsel, found that counsel advised Petitioner not to testify because doing so could open the door to prior convictions and Petitioner's statement to Captain Dennis, and found that Petitioner agreed not to testify. (DE 44 at 35.) The Report concluded that

10

the PCR court reasonably determined counsel's advice was proper and that Petitioner failed to establish deficient performance or prejudice. (*Id.*)

To the extent Petitioner argues that the trial court should have conducted a colloquy, that argument does not establish that the PCR court's rejection of his ineffective assistance claim was contrary to or an unreasonable application of clearly established Supreme Court precedent. Nor has Petitioner rebutted the PCR court's factual findings with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Objection No. 5 / 6 is, therefore, overruled.

**F.     Objection No. 7 — Failure to Call Petitioner at the *Jackson v. Denno* Hearing**

Petitioner next objects to the Magistrate Judge's conclusion that counsel was not ineffective for failing to call him to testify at the *Jackson v. Denno* hearing. (DE 47 at 5.) He argues that counsel had no strategic reason not to call him and that he was prejudiced by being denied the opportunity to testify about the circumstances of his statement. (*Id.*)

This objection is overruled. The Report addressed this claim and concluded that Petitioner failed to establish that the PCR court unreasonably applied *Strickland* in rejecting it. (DE 44 at 35.) The Magistrate Judge explained that Petitioner failed to demonstrate prejudice from counsel's decision not to call him at the suppression hearing. (*Id.*) Petitioner's objection does not meaningfully engage that prejudice analysis and instead largely reasserts his position that he should have testified. That is insufficient to meet the deferential standard of federal habeas review. Accordingly, Objection No. 7 is overruled.

11

### G.    Objection No. 8 — Cumulative Ineffective Assistance Allegations

Finally, Petitioner objects generally to the Magistrate Judge's findings on Grounds Five, Six, and Seven, again asserting that counsel failed to investigate, was unprepared, failed to ensure a valid waiver of Petitioner's right to testify, and failed to call him at the *Jackson v. Denno* hearing. (DE 47 at 6–7.) Petitioner characterizes counsel's decisions as uninformed rather than strategic. (*Id.*)

This objection is overruled. Objection No. 8 is largely cumulative of Objections Nos. 4, 5, 6, and 7 and does not identify any additional error in the Report. The Magistrate Judge considered these ineffective assistance allegations individually under the governing *Strickland* standard and concluded that the PCR court's rejection of them was not objectively unreasonable under § 2254(d). (DE 44 at 32–35.) Having conducted the required review, the Court agrees with that analysis. Petitioner has not shown that the state court's adjudication of these claims warrants federal habeas relief. Objection No. 8 is therefore overruled.

After a thorough review of the Report, the record, the objections, and the applicable law, the Court finds that the Magistrate Judge accurately summarized the facts and properly applied the governing legal principles. Petitioner has failed to demonstrate that he is entitled to relief under the deferential standard of 28 U.S.C. § 2254. The Court, therefore, adopts the Report and incorporates it herein by reference.

## V.    CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation (DE 44) and incorporates it herein by reference. Accordingly, Respondent's Motion for Summary Judgment (DE 26) is **GRANTED**, and the Petition for a writ of habeas corpus is **DENIED and DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 17, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

13